ALFONSO LEÓN JIMÉNEZ ET AL., Petitioner, v. DISTRICT COURT OF SAN JUAN, Respondent.

No. 1130. Decided July 5, 1938.

368

(see 52 P.R.R. 861). 

*Miguel A. Muñoz* for petitioner. *L. Ríos Algarín* for intervener, plaintiff in the main action.

ON MOTION FOR REHEARING

MR. JUSTICE WOLF delivered the opinion of the court.

Petitioner moves this court to reconsider its judgment of March 29, 1938, and as grounds for said reconsideration alleges substantially as follows:

(1) That the Conditional Sales Act is a law specifically providing the procedure to be followed to obtain the repossession of a chattel sold under a conditional sales contract.

(2) That the Act to secure the effectiveness of judgments also provides something for cases of this nature, but that this measure was not taken in this case and hence that the court exceeded its powers.

(3) That the Conditional Sales Act is a special law applicable only to special cases and encompassing a procedure entirely different from that of any other law and that therefore a statute of general application conflicting with said special statute can have no application.

Petitioner, in arguing the grounds for reconsideration, states: (1) That this is an action of debt; (2) that the claim made by the plaintiff in this case is the repossession or the obtaining possession of the chattel; (3) that under these circumstances the obligation of the conditional purchaser is the delivery of a certain object or thing possessed by him to the plaintiff, and that therefore paragraph (a) if any, of section 2 of the Act to secure the effectiveness of judgments is the only part of said act which can be applicable to said claim and that said section does not give the court the right to order a provisional attachment but only of prohibiting the

defendant from alienating or encumbering the object or thing; that the court therein exceeded its powers inasmuch as it deprived the defendant of the possession of the chattel without having previously heard him, whereas in accordance with the Conditional Sales Act he had a right to retain the possession of said chattel until the rights of the parties were decided upon by the court.

Petitioner is entirely correct in his first and second propositions and also in his third proposition, except where thereunder he states that the court exceeded its powers in taking possession of the chattel, the question involved in this proceeding. Although it is true that in this case the obligation of the defendant was the delivery of a certain object to the plaintiff, and although it is also true that under the circumstances as set forth by the intervener this question would fall under paragraph *a* of section 2 of the Act to secure the effectiveness of judgments, we do not think that the court exceeded its powers inasmuch as said paragraph *a* provides: ". . . said defendant or third person, as the case may be, shall be prohibited from alienating or encumbering the object. . . ." (Comp. Stat. 1911, p. 849). Section 10 of said act, which explains how an order prohibiting alienation or attachment shall be carried out, states as follows:

"An order prohibiting the alienation of personal property and an attachment on the same shall be *effected by depositing the personal property in question with the court or the person designated by it under the responsibility of the plaintiff.*"

Petitioner's first ground for reconsideration, i.e., that the Conditional Sales Act specifically provides the procedure to be followed to obtain the repossession of a chattel sold under a conditional sales contract and that therefore the Act to secure the effectiveness of judgments is not applicable to this case, was fully discussed in the original opinion and the petitioner does not, we think, bring up any new matter which calls for further consideration.

We have already discussed petitioner's second ground for reconsideration, i.e., that the statute to secure the effectiveness of judgments does not include an attachment as made in this case.

Petitioner's third ground for reconsideration has already been decided in our former opinion as follows:

"Therefore, although the vendor may be limited to the procedure set forth in the Conditional Sales Act in obtaining the repossession of the automobile, this does not mean that he may not attach said automobile to secure the effectiveness of the order of repossession."

The motion will be denied.

Mr. Justice De Jesús took no part in the decision of this case.